IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 12-cr-00048-WJM-12

UNITED STATES OF AMERICA,

        Plaintiff,

v.

12.    CHARLTON VAUGHN,

        Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT (DOC 764)

---

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado and the undersigned Assistant United States Attorney, hereby responds to Defendant Charlton Vaughn's Objections to the Presentence Report filed at Document 764. In his objections, the Defendant asks the Court for a downward departure based on over-representation of his criminal history and for a variant sentence based on 18 U.S.C. 3553(a) factors, though those factors were not specifically enumerated. The Government submits that the Defendant's criminal history category as a career offender is not an over-representation and submits that downward departure or variance for the grounds submitted in the Defendant's submission is not warranted. In support, the Government states the following:

1. The Defendant first states that his total number of criminal history points is 10 not 11. The Government agrees that upon adding the points for criminal convictions, the Defendant appears to have 10 points based on convictions. The Government thus

1

agrees that paragraph 61 of the PSI appears to contain an error.   However, the PSI goes on to state that the Defendant's total criminal history score is 12 (paragraph 63) which includes adding 2 points for the Defendant committing the instant offense while under supervision.   This appears to be a correct calculation.   Therefore the Government submits the Defendant's total criminal history score is 12.

2. The Defendant next states that his status as a career offender substantially over represents the seriousness of his criminal history pursuant to U.S.S.G. §4A1.3.   The Government disagrees.   Pursuant to U.S.S.G §4A1.3(b)(1), the standard for downward departure is that "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."   If the Court is inclined to vary downward, the Court may not exceed one criminal history category pursuant to §4A1.3(b)(3)(A).

3. The Defendant is a 33 year old man who has sustained 4 prior felony convictions for drug related offenses.   In two of these prior felony convictions (the two that count as the career offender qualifying convictions), the Defendant was given an opportunity to remain in the community on probation.   The Defendant was unable to successfully complete such a sentence and was then later sentenced to incarceration due to his continued pattern of drug trafficking.   In almost every instance of his opportunity for community supervision, the Defendant has re-offended by committing new and serious law violations involving controlled substances.   This pattern of behavior supports both

the seriousness of the Defendant's criminal history category and the idea that the Defendant is likely to commit future offenses.

4. The Defendant cites the case of <u>United States v. Caldwell</u>, 219 F.3d 1186, (10th Cir. 2000) in support of the proposition that the Court, in appropriate circumstances, can impose a downward departure from a "finding of career offender." Factors to be considered include the nature of the career offender qualifying convictions, the small amounts of drugs involved in those convictions, the age of the defendant, the leniency of the prior sentences imposed upon the Defendant, and the sentences imposed on co-defendants. The Government has reviewed the <u>Caldwell</u> case and submits that the factors in the Defendant's case in the instant offense are rather like the factors in the case against Mr. Caldwell. In that matter, the Court found that a downward departure was not justified because the Defendant's case was not so unusual or atypical as to fall outside the "heartland" of career offenders. <u>Caldwell</u> at 1195.

5. The Defendant first argues the nature of the qualifying career offender convictions and the relatively minor amounts of drugs involved in those convictions justify a downward departure. The Government submits that the <u>Caldwell</u> court addressed the same argument in that case. In the instant offense, the Defendant was convicted of the drug trafficking felonies pursuant to plea bargains with state authorities. In the 2000 case, the Defendant was selling crack cocaine but pled guilty, pursuant to plea bargain, to selling a Schedule IV controlled substance. In the 2002 case, the Defendant and several others were involved in "hundreds of street sales" of crack cocaine. In both instances, the Defendant was given an opportunity at probation and in both instances,

he failed by committing new drug related law violations.   The Government disagrees with the characterization of these offenses as "minor."

6. The <u>Caldwell</u> court also addressed the notion of a downward departure based on small quantities of narcotics and specifically rejected that argument.   In its opinion, the <u>Caldwell</u> court stated "We did not, however, endorse the proposition that a small quantity of drugs involved in current or prior criminal offenses alone could justify a downward departure," <u>Caldwell</u> at 1193, citing <u>United States v. Tejeda</u>, 146 F.3d 84, 87 (2d Cir.1998) holding that a "meager" quantity of a controlled substance is not a basis for a downward departure from the career offender guideline.

7. In the instant offense, the Defendant has agreed that his relevant conduct during the course of the offense involved at least 3.5 kilograms but less than 5 kilograms of cocaine.   This is not a minor amount of drugs.

8. The Defendant next argues that his youthful age at the time of conviction of the prior offenses is something that Court should consider and is a factor that warrants a downward departure.   The Government again disagrees.   U.S.S.G. §5H1.1 contains a policy statement in relation to age as a basis for downward departure.   Under §5H1.1, "Age, including youth, may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an **unusual** (emphasis added) degree and distinguish the case from the typical cases covered by the guidelines."   In this instance, the Defendant's age at conviction of the prior offenses does not fall into this category.   Much like the Defendant in the <u>Caldwell</u> matter, the Defendant has

demonstrated a repeated pattern of serious criminal conduct since the age of 16.   This is not a situation where the Defendant received the convictions and then remained out of trouble until the instant offense.   Nothing in the Defendant's history indicates that the Defendant's age (18 and 21) at the time of the qualifying convictions had any effect on the likelihood of recidivism or demonstrates that these convictions were a result of the folly of youth.   The Defendant's age "is a discouraged factor which can support departure only in combination with other circumstances of a defendant's criminal history."   Caldwell at 1193 citing United States v. Collins, 122 F.3d 1297, 1306 (10th Cir.1997).   In the instant case, there are no other circumstances which support a downward departure based on the Defendant's age.

9. The Defendant next submits that the leniency imposed upon the Defendant in his prior offenses is a factor the Court should consider to grant a downward departure in this matter.   Much like the Caldwell case, the Government submits that these prior lenient sentences (which were all violated and resulted in revocation) cut against the Defendant instead of benefiting him.   Such prior opportunities which were rejected by the Defendant with abandon indicate factors which would support an upward departure, not a downward one (to be clear, the Government is not moving for an upward departure).   This prior disregard by the Defendant for opportunities provided by prior Courts indicates an unwillingness to change criminal behavior, and thus, cannot possibly be an indication that the Defendant is worthy of a downward departure.

10. The Defendant last argues that the Court should vary downward based on the potential for sentencing disparity with other similarly situated co-defendants.   Specifically the

>    Defendant names Defendant Reed (the Government assumes this is a reference to Defendant Richard Reed as Defendant Robert Reed is deceased) and Defendant Gregory.   The Government does not believe that these two co-defendants are similarly situated based on their differing applicable guideline ranges.   Defendant Richard Reed is a criminal history category I and appears to be safety valve eligible.   Defendant Derrick Gregory was not deemed to be a career offender, thus his guideline range was different that the Defendant's.   A mere difference between co-defendants' applicable guideline ranges will not justify a departure.   United States v. Gallegos, 129 F.3d 1140, 1143 (10th Cir.1997).   Any disparity between the sentences received by the codefendants in this matter is explicable, therefore downward departure is not warranted.

11. In conclusion, the Defendant's case in this matter is not unusual or atypical.   It simply demonstrates the pattern of criminal conduct that this Defendant has chosen to engage in for the majority of his life.   The career offender guidelines are harsh for a reason. They are harsh because in order to qualify for them, a defendant must have exhibited repeated serious criminal conduct which belies an inability to function as a law abiding citizen.   "The career offender guideline seeks consistent treatment of all who fall within its purview."   Caldwell at 1194.   The Defendant has not demonstrated that he is an individual who should fall outside of the "heartland" range of the career offender guidelines, thus the Government submits that downward departure or variance based on the arguments contained within the Defendant's submission is not warranted.

Dated this 8th of July, 2014.

          Respectfully submitted,
              JOHN F. WALSH
              United States Attorney

              By: *s/Susan D. Knox*
              SUSAN D. KNOX
              Assistant U.S. Attorney
              U.S. Attorney's Office
              1225 17th Street, Suite 700
              Denver, CO 80202
              Telephone:   (303) 454-0100
              Fax: (303) 454–0401
              E-mail: susan.knox@usdoj.gov
              Attorney for Government

CERTIFICATE OF SERVICE

       I hereby certify that on this 8th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                          *s/ Diana L. Brown*
                                          Legal Assistant
                                          United States Attorney's Office