# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cr-0048-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

12.    CHARLTON KEITH VAUGHN,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendant Charlton Keith Vaughn's Motion to Petition the Court for Reduction in Sentence Pursuant to 18 U.S.C. § 4205(g) or 18 U.S.C. § 3582(c)(1)(A)(i) (the "Early Release Motion") [#866] and Defendant Vaughn's Motion to Amend Affidavit to Petitioner's 18 U.S.C. § 3582(c)(1)(A)(i) Motion (the "Supplement Motion") [#868] (collectively, the "Motions"). Both Motions have been referred to this Court. [#879] The Court has carefully considered the Motions and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motions. For the following reasons, this Court respectfully **RECOMMENDS** that the Supplement Motion be **GRANTED** to the extent it seeks to supplement the Early Release Motion but that the Early Release Motion be **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**I.     BACKGROUND**

On July 15, 2014, Mr. Vaughn was sentenced to 150 months imprisonment and five years of supervised release on a conviction for conspiracy to distribute crack cocaine. [##771, 772]  Mr. Vaughn filed a notice of appeal six days later.  [#773]  The Tenth Circuit enforced an appellate waiver in Mr. Vaughn's plea agreement and dismissed the appeal. [#798]

On April 28, 2020, Mr. Vaughn, acting pro se at the time, filed the Early Release Motion.  [#866]  Through the Early Release Motion, Mr. Vaughn seeks early release due to the dangers associated with COVID-19.  [*See generally id.*]  In the Early Release Motion, Mr. Vaughn describes various programs that he participated in while incarcerated, including a drug and alcohol program, an anger management course, and a program on criminal mindset.  [*Id.* at 2]

On May 7, 2020, Mr. Vaughn filed the Supplement Motion.  [#868]  The Supplement Motion seeks to add additional information to the Early Release Motion.  [*See generally id.*]  In particular, Mr. Vaughn adds that he is over forty years old and that COVID-19 is spreading rapidly at his facility.  [*Id.* at 2-3]

On May 15, 2020, the government filed a response in opposition to the Motions.[1] [#878]  On May 21, 2020, Mr. Vaughn, now represented by counsel, filed a reply in support of the Motions.  [#880]  Pursuant to this Court's Order [#881], on May 26, 2020, the government filed a sur-reply [#882].

---

[1] The Response opposes the Supplement Motion to the extent it seeks Mr. Vaughn's release, but does not oppose Mr. Vaughn supplementing his Early Release Motion. [#878]  Accordingly, the Court respectfully RECOMMENDS that the Supplement Motion be GRANTED and the Early Release Motion be supplemented with the information contained within the Supplement Motion.

## II.     Analysis

As relevant here, 18 U.S.C. § 3582(c)(1)(A)(i) permits a district court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant" the reduction. The statute provides, however, that the Court may only act:

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

*Id.* § 3582(c)(1)(A). While Mr. Vaughn made a request for home confinement that was denied on April 15, 2020 [#868 at 4], there is no indication that this request was made pursuant to Section 3582. Indeed, it does not appear that a Section 3582 request was made until May 18, 2020. [#880-1; *see also* #880 at 3; #882 at 2]. That request remains pending [#882 at 2], and the thirty days have not passed. Accordingly, the Court concludes that Mr. Vaughn has not exhausted his administrative remedies and the Court does not have jurisdiction to consider Mr. Gonzalez's request for compassionate release. *See United States v. Gonzalez*, No. 18-cr-00130-PAB, 2020 WL 1905071, at *1 (D. Colo. Apr. 17, 2020) (collecting cases).

Mr. Vaughn argues that the Court should excuse any failure to exhaust his administrative remedies because the catastrophic health conditions make exhaustion futile. [#880 at 4-5] "But the Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Gonzalez*, 2020 WL 1905071, at *2 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)) (alteration in original). "[T]he judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic." *Id.*

(quotation omitted).  Accordingly, the Court respectfully RECOMMENDS that the Early Release Motion be DENIED WITHOUT PREJUDICE with permission to re-file once Mr. Vaughn exhausts his administrative remedies.

## III.  CONCLUSION

For the reasons set forth herein, the Court respectfully **RECOMMENDS** that the Supplement Motion [#868] be **GRANTED**, that the Early Release Motion be supplemented by the Supplement Motion, but that the Early Release Motion [#866] be **DENIED WITHOUT PREJUDICE**.[2]

DATED:  June 1, 2020                                           BY THE COURT:

                                                     s/Scott T. Varholak
                                                   United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).