**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 12-cr-048-WJM-12

UNITED STATES OF AMERICA,

    Plaintiff,

v.

12.   **CHARLTON KEITH VAUGHN**,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

---

This matter is before the Court on Defendant Charlton Keith Vaughn's Motion for Compassionate Release (ECF No. 886) and Motion for Order on Defendant's Compassionate Release (ECF No. 891). For the reasons set forth below, Defendant's Motion for Compassionate Release is denied, and Defendant's Motion for Order on Compassionate Release is denied as moot.

## I. BACKGROUND

In March 2014, Defendant entered a guilty plea to conspiracy to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) or 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(ii)(II), & 846. (ECF No. 767.) In July 2014, the Court sentenced Defendant to a term of imprisonment of 150 months. (ECF No.

772.)[1]

On May 7, 2020, Defendant filed his initial motion for compassionate release. (ECF No. 866.) That motion was referred to U.S. Magistrate Judge Scott T. Varholak for a recommended disposition. (ECF No. 879.) On June 1, 2020, Judge Varholak recommended that Defendant's motion be denied without prejudice for failure to exhaust his administrative remedies. (ECF No. 884.) On June 19, 2020, the Court adopted Judge Varholak's recommendation and denied Defendant's motion without prejudice to refiling upon exhaustion of Defendant's administrative remedies. (ECF No. 889.)

On June 16, 2020, Defendant filed the instant Motion for Compassionate Release. (ECF No. 886.) In this Motion, Defendant represents that he now has exhausted his administrative remedies, and he incorporates by reference the arguments made in his prior motion for compassionate release. (ECF No. 886.) On June 18, 2020, the Government filed a Response, apparently conceding that Defendant has exhausted his administrative remedies. (*See* ECF No. 887.) Defendant filed his Reply on June 26, 2020 (ECF No. 890), and his Motion for Order on Defendant's Motion for Compassionate Release on July 23, 2020 (ECF No. 891).

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a federal court may reduce or otherwise modify a prisoner's sentence if it finds, subject to certain other conditions, that

---

[1] In October 2015, the Court amended its judgment against Defendant to reflect that his sentence in this case will run concurrently to a different custodial sentence imposed by a state court. (ECF No. 845.)

"extraordinary and compelling reasons warrant such a reduction." Evaluating a motion for a reduced sentence further requires a court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and to determine that such a reduction would be "consistent with applicable policy statements issued by the [U.S.] Sentencing Commission" ("Commission"). *Id.* § 3582(c)(1)(A). Among other things, the Commission's policy statement on § 3582(c) proscribes reduction of a sentence unless the court finds that the prisoner is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

### III.  ANALYSIS

Defendant is currently incarcerated at FMC Lexington in Lexington, Kentucky. (ECF No. 880.) Defendant moves the Court to order him immediately released or placed in home confinement for the remainder of his sentence. (ECF No. 886.) Defendant contends that "extraordinary and compelling" reasons exist to warrant a reduction in his sentence, namely: (1) the risks posed by the COVID-19 pandemic generally; and (2) that Defendant has maintained good conduct while incarcerated and has committed himself to rehabilitation by taking various behavioral programs offered by his facility. (ECF No. 880.)

According to the U.S. Bureau of Prisons website, while 228 inmates have at some point tested positive for and another 8 have died from the virus at FMC Lexington, there are currently zero confirmed cases of COVID-19 at this facility.[2] Moreover, Defendant is only 39 years old (*see* ECF No. 767), and he concedes that he

---

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited August 5, 2020).

3

does not have any underlying health conditions that would put him at an increased risk for serious illness should he contract COVID-19 (ECF No. 880).

By now, many courts have denied prisoners' motions for compassionate release even when there is a significant number of active COVID-19 cases at their facilities—indeed, even when the movants have serious pre-existing medical conditions. *See, e.g.*, *United States v. Roberts*, 2020 WL 1700032 (S.D.N.Y. Apr. 8, 2020) (denying compassionate release to HIV-positive defendant in a facility with confirmed COVID-19 cases); *United States v. Credidio*, 2020 WL 1644010 (S.D.N.Y. Apr. 2, 2020) (denying compassionate release where there were confirmed cases in the facility); *United States v. Korn*, 2020 WL 1808213 (W.D.N.Y. Apr. 9, 2020) (denying compassionate release where defendant suffered from a serious heart condition and his facility had confirmed cases); *United States v. Hays*, 2020 WL 1698778 (S.D. Ala. Apr. 7, 2020) (similar);  *but see, e.g.*, *United States v. Jenkins*, — F. Supp. 3d —, 2020 WL 2466911 (D. Colo. May 8, 2020) (Kane, J.).  And certainly, the weight of authority thus far dictates that extraordinary and compelling reasons generally do not exist where there are no confirmed cases at the prisoner's facility.  *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Thus, because the coronavirus is not currently present at FMC Lexington, and because Defendant does not have any significant underlying health conditions, the Court concludes that extraordinary and compelling reasons do not exist to warrant a reduction in Defendant's sentence at this time.  *See United States v. Williams*, 2020 WL 3316004 (D. Colo. June 18, 2020); *United States v. Yurek*, 2020 WL 3415371 (D. Colo. June 22, 2020).

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion for Compassionate Release (ECF No. 886) is DENIED, and Defendant's Motion for Order on Motion for Compassionate Release (ECF No. 891) is DENIED AS MOOT.

Dated this 5th day of August, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge